[Civ. No. 22832.   Second Dist., Div. Three.   Aug. 26, 1958.]

LILLIAN P. SMITH, Appellant, v. JAMES WALKER, Respondent.

Niesen & Schermer for Appellant.

Spray, Gould & Bowers and Robert M. Maslow for Respondent.

NOURSE, J. pro tem.*—Plaintiff brought this action to recover damages for personal injuries which she alleged she sustained by reason of the negligence of the defendant. The jury having returned a verdict in favor of defendant, the plaintiff appeals from the ensuing judgment and from the order denying her motion for a new trial.

Plaintiff makes but two assignments of error. (1) That the evidence is insufficient to support the verdict. (2) That the court erred in refusing to give an instruction requested by her on the doctrine of last clear chance.

The accident in question occurred while the plaintiff was attempting to cross a driveway on the premises of the employer of both plaintiff and defendant. The driveway was one used by employees leaving the premises by automobile. There were two lines of cars moving towards the exit when plaintiff attempted to cross the drive by passing between defendant's car and the one in front of it. The evidence was in conflict as to whether defendant's car was in motion when plaintiff left a place of safety and stepped into the path of defendant's car; and, as to whether plaintiff was seen by defendant before she was at point directly in front of defendant's car and but a few feet from it. Plaintiff was struck by the right front of defendant's car (she was crossing from the driver's left to right). The impact was light and plaintiff was not caused to fall but her lunch pail was knocked from her hand.

Under the evidence, the question whether either or both parties were negligent was clearly one of fact for the jury and not one of law to be addressed to this court. There is no merit in plaintiff's first assignment of error.

The second assignment of error is also untenable. The record here, although augmented twice by plaintiff, does not contain the instructions to the jury given by the court but contains only the instruction above mentioned which the court refused. It must, therefore, be assumed that were the entire charge to the jury before us it would not show any error. (*Johnstone* v. *Morris,* 210 Cal. 580, 590 [292 P. 970], and cases there cited.)

It is unnecessary, however, to base our decision upon the assumption just stated. The instruction requested was instruction number 205 of B.A.J.I., 4th edition. In *Brandelius* v. *City & County of San Francisco,* 47 Cal.2d 729 [306

---

*Assigned by Chairman of Judicial Council.

P.2d 432], a decision rendered some four months prior to the trial of the present action, the Supreme Court held this instruction to be an incorrect statement of the doctrine of last clear chance and that the giving of it justified the granting of a new trial.[1]  The trial court here, therefore, properly refused the instruction requested.  This being so, we are not called upon to determine whether, under the evidence, a proper instruction upon the doctrine of last clear chance would have been applicable.

The order denying plaintiff's motion for a new trial not being appealable the appeal therefrom is dismissed and the judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.

[1]The instruction in question is set forth in full at pages 737, 738 of the opinion.